IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN RAMIREZ, JR., | § | |
|     REG #19216-179 | § | |
| v. | § | C.A. NO. C-12-345 |
| | § | |
| S. WITHERS, ACTING WARDEN | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION TO TRANSFER VENUE**

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Pine Knot, Kentucky. Proceeding pro se, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his sentence. (D.E. 1). Pending is Respondent's motion to transfer venue. (D.E. 12). Petitioner has not filed a response to this pending motion.[1] For the reasons stated herein, it is respectfully recommended that Respondent's motion to transfer be granted.

**I.  DISCUSSION**

Petitioner has filed a challenge to the manner in which the Bureau of Prisons calculates the length of his sentence. (D.E. 1, at 1). The proper vehicle for such a challenge is a habeas petition brought pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.") (citations omitted); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988) (explaining that claims for credit for time served prior to federal sentence are brought pursuant to § 2241).

A petitioner challenging the length of his sentence pursuant to § 2241 must file his

---

[1] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

habeas petition in the district in which he is incarcerated.  Any other district court lacks jurisdiction to entertain his claim.  28 U.S.C. § 2241(a); see also Pack, 218 F.3d at 451 (explaining that § 2241 petitions "must be filed in the same district where the prisoner is incarcerated") (citations omitted); Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (district court has no jurisdiction to consider § 2241 petitions unless prisoner or custodian is located within district).

Although Respondent seeks to transfer this action pursuant to 28 U.S.C. § 1404(a), the appropriate statutory provision is in fact 28 U.S.C. § 1406(a), which applies when venue in the transferor court is not valid.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499-500 (1973) (explaining that statutory grant of jurisdiction pursuant to § 2241 does not limit the court's subject matter jurisdiction, but is, instead, more equivalent to venue); see also In re Atlantic Marine Const. Co., 701 F.3d 736, 740 (5th Cir. 2012) ("Section 1404(a) is the proper procedural tool for transferring a case only when venue is proper in the chosen district; if venue is improper, Section 1406(a) is used to transfer venue.") (citation omitted).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The district court has broad discretion to either dismiss or transfer the case.  Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam) (citations omitted).

Here, proper venue for Petitioner's habeas petition lies in the Eastern District of Kentucky where he is incarcerated.  Because it is inappropriate to speculate regarding the merits of his claims at this juncture, and given the relative inefficiency of dismissing Petitioner's habeas

application without prejudice, only to require him to start over in the proper district, it is in the interest of justice to transfer this action to the Eastern District of Kentucky rather than dismiss it. Accordingly, it is respectfully recommended that Respondent's motion to transfer be granted.

## II.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to transfer venue, (D.E. 12), be granted, and that Petitioner's habeas petition be transferred to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 5th day of February 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).